**DIRECTOR OF the ILLINOIS DEPARTMENT OF FINANCIAL INSTITUTIONS, Appellant (Defendant and Cross-Defendant Below),**

v.

**Roy C. COBB, Receiver of the Verona Coal Company Bondholders' Protective Committee, Appellee (Plaintiff and Counter-Defendant Below),**

**and the**

**Citizens National Bank of Evansville, Appellee (Defendant and Counter-Plaintiff Below),**

**and**

**Commissioner of Revenue for the State of Alabama, et al, Defendants.**

**No. 1–685A151.**

Court of Appeals of Indiana, First District.

Jan. 29, 1986.

Neil F. Hartigan, Atty. Gen., Roma Jones Stewart, Sol. Gen., Rita M. Novak, Asst. Atty. Gen., Chicago, Ill., Harry John Watson III, Deputy Atty. Gen., Indianapolis, for appellant.

Terry G. Farmer, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellee.

ROBERTSON, Presiding Judge.

The appellant-defendant Director of the Illinois Department of Financial Institutions (Director) is appealing from the granting of a summary judgment in favor of the appellee-defendant Citizens National Bank of Evansville (Bank).

A brief background of the facts giving rise to this appeal is that the appellee-plaintiff Verona Coal Company Bondholders' Protective Committee (Committee) was formed in 1930 for the general purpose of trying to protect, to the extent possible, the bondholders investment in the Verona Coal Company which had defaulted on its bonds. Among other things, the Committee over a period of years made distributions to bondholders of principal and interest. In 1969, Roy C. Cobb (Receiver) was appointed Receiver for the Committee as a result of legal action brought by the holder of a certificate of deposit. As a part of the receivership Cobb was directed to give notice which was to:

> be published once a week for three (3) consecutive weeks in a newspaper of general circulation in this county, and subject to the approval of this Court, in such other newspapers of general circulation as the receiver herein may from time to time deem necessary or advisable to secure justice to the parties and claimants, which said notice or notices shall be directed to all persons having claims of any kind against the funds and property held by the defendant herein; that all such claims shall be filed with the Clerk of the Vanderburgh Superior Court in the City of Evansville, Vanderburgh County, Indiana within eighteen (18) months from the date of the first publication of said notice or that in default of filing such claim, the claimant may be precluded from all benefit of any order or judgment that may be made in the above said proceedings and from any distribution that may be given by any order of judgment so made.

The Receiver was also directed to give notice by First Class Certified Mail, Return Receipt Requested to each creditor and claimant as shown on the statement of assets and liabilities.[1] The only notice was published in the Evansville Courier, a newspaper of general circulation in Vanderburgh County, Indiana, on February 12th, 19th, and 26th, 1970.

Several years later Receiver sought a declaratory judgment relating to his rights and obligations in distributing the remaining funds. Unclaimed property custodians, including the Director, in a number of states where unknown bondholders were last known to reside were joined as defendants. The Bank as a holder of a certificate of deposit issued by the Committee was also joined as a defendant. The cause progressed until the Bank filed a motion for summary judgment. The trial court granted the motion finding, in essence, the fund should be distributed pro rata to known bondholders and to unclaimed property cus-

---

1. The record is not clear if this was done.

todians who claimed through such holders. Unclaimed property custodians, which includes the Director, asserting an interest on behalf of unknown bondholders who had not filed claims could participate in the distribution of funds only if a surplus remained.

Because we reverse for the reasons stated hereafter, the only issue to be addressed is:

> Whether [Director], as the Illinois unclaimed property custodian, may partake of the funds held by the Receiver of the Verona Coal Company Bondholders' Protective Committee where the funds have not been disbursed and where notice was inadequate to apprise Illinois bondholders and [Director] of the pendency of the receivership action and the deadline for filing claims.

We are of the opinion that as a matter of law, the notice given in 1970 of the pending receivership was deficient.

The facts show that the Receiver located 230 holders of certificates of deposit issued by the Committee. About 500 certificate holders were not identified, however, the Receiver did ascertain that their last known place of residence was in 31 different states, exclusive of Indiana, and the District of Columbia. Of the $558,160.34 represented by the unknown certificate holders, $396,444.01 worth of unknown certificate holders were known to last reside in Illinois. The facts also show that Verona was an Illinois corporation, and that the transactions leading up to the ultimate appointing of the Receiver occurred in Illinois over an extended period of time.

The touchstone of notice as it relates to due process is *Mullane v. Central Hanover Bank & Trust Co.*, (1950) 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865:

> It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching this Court on the question of adequacy of notice have been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

70 S.Ct. at 658.

We are of the opinion that the notice of receivership given in 1970 was not reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action. *Mullane, supra.*

Cause reversed and remanded for further action not inconsistent with this opinion.

Reversed and remanded.

RATLIFF and NEAL, JJ., concur.